# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

UNITED STATES OF AMERICA      :
                                                   :
                                                   :
        v.                        :      CRIMINAL ACTION NO.
                                                   :      1:10-CR-086-11-RWS
EDWIN MENJIVAR,      :
                                                   :
            Defendant.            :

## ORDER

This case is before the Court for consideration of the Report and

Recommendation [654] of Magistrate Judge E. Clayton Scofield, III.  In the

Report and Recommendation, Judge Scofield recommends that the Court deny

Defendant's Motion to Dismiss [368], Motion to Suppress Evidence [389]; and

Motion to Suppress Statements [390].  He recommends that Defendant's

Motion for Bill of Particulars [366] be granted, but only to the extent that the

Government was ordered to direct Defendant to the places in the discovery

where the essential facts relating to Defendant's involvement in Count Twenty-

One are disclosed, and if the essential facts are not disclosed in the discovery,

the Government was directed to provide this information in the form of a bill of

AO 72A
(Rev.8/82)

particulars to the Defendant stating what the Government contends the essential facts are relating to this Count.

Defendant filed Objections [667] to the Report and Recommendation in which he objected to the findings of fact and conclusions of law related to Defendant's Motion to Suppress Evidence [389] and Motion to Suppress Statements [390].  There being no objections to the findings and conclusions related to Defendant's Motion to Dismiss [368] or Motion for Bill of Particulars [366],the Report and Recommendation, as to these motions,  is received with approval and adopted as the Opinion and Order of this Court.

In his Objections related to the Motion to Suppress the firearm, Defendant challenges both the initial seizure of the firearm from beneath the mattress in the bedroom and the subsequent seizure of the firearm when the officers removed it from the residence.  The facts related to the seizure are set out in the Report and Recommendation.  <u>See</u> R&R at 6-8.  The officers obtained the consent of the occupants of the residence to conduct their search.   The officers learned of the presence of the firearm when Defendant answered Agent Tyler's question " if there was anything illegal in the apartment, and he [Defendant] replied that there was one .38 pistol."  T[553]-30.  "He stated it was

2

in the back bedroom between the mattresses." Id. at 31.  The officers retrieved

the firearm from between the mattresses at the location described by Defendant.

The three persons who were in the residence at the time of the search were not

placed in custody at the time, were not restrained, and were not told where they

could go or not go. Id. at 33.

Though not offered as a reason by any of the witnesses at the hearing on

the motion to suppress, Judge Scofield found that the initial seizure was

justified to assure the safety of all persons who were present.  He concurred in

the sentiments expressed in United States v. Malachesen, 597 F.2d 1232,1234-

35 (8th Cir. 1979), that the "temporary seizure undercuts the chance of mishap,

the accidental discharge of the handgun through mishandling by someone on

the premises, or even its intentional use by [Defendant's] roommate or cohort.

Common sense dictates that the weapon should be unloaded and, at least,

temporarily, kept in a safe place."

In his objections, Defendant challenges the justification offered in the

Report and Recommendation because that justification was not offered by any

of the officers involved in the search and because there was no evidence of

actual danger to the officers.  However, the reasonableness of a search and

3

seizure is judged by an objective standard.  "[T]he fact that the officer does not

have the state of mind which is hypothecated by the reason which provides the

legal justification for the officer's action does not invalidate the action taken as

long as the circumstances, viewed objectively, justify that action."  <u>Scott v.</u>

<u>United States</u>, 436 U.S. 138 (1978).  The Court finds that the circumstances,

viewed objectively did justify the action.  Leaving a loaded gun unattended in a

residence with three unrestrained persons free to move about would not have

been reasonable.  Moreover, the Defendant had identified the gun as something

"illegal in the apartment."  T-30.  Therefore, the Court overrules Defendant's

Objections and adopts the findings and conclusions in the Report and

Recommendation.

Defendant also challenges "the secondary seizure" of the firearm when

officers decided to remove it from the residence.  Defendant argues that it was

not readily apparent that the firearm was evidence of a crime, and therefore, it

should be suppressed.  Defendant argues that there was no evidence that

Defendant had committed a crime that gave reason to seize the firearm at the

time of the seizure.  However, Judge Scofield found that once the officers

learned of Defendant's immigration status, the weapon was evidence of illegal

possession of a firearm.  In fact, Defendant identified the firearm as an "illegal" object in the residence.  T-30.  Admittedly, the officers did not state that as a basis for the seizure.  As with the initial seizure, "examining the challenged [seizures] under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers involved," the Court agrees with the conclusion in the Report and Recommendation that the seizure was reasonable.  Therefore, the Court overrules Defendant's Objections and adopts the findings and conclusions in the Report and Recommendation.

Based on the foregoing, Defendant's Motion to Dismiss [368]; Motion to Suppress Evidence [389]; and Motion to Suppress Statements [390] are **DENIED**.  Defendant's Motion for Bill of Particulars [366] is **GRANTED**, but only to the extent that the Government has ordered to direct Defendant to the places in the discovery where the essential facts relating to Defendant's involvement in Count Twenty-One are disclosed, and if the essential facts are not disclosed in the discovery, the Government is **DIRECTED** to provide this information in the form of a bill of particulars to the Defendant stating what the Government contends the essential facts are relating to this Count.

**SO ORDERED** this __14th__ day of May, 2013.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)